PER CURIAM.
A review of the trial court’s order denying the appellant’s rule 3.850 motion reveals that the trial court erred in finding that the motion was untimely filed.
Under Olkewicz v. State, 633 So.2d 1132 (Fla. 4th DCA 1994), the date the motion was notarized by prison officials is accepted as proof of the filing date. See Haag v. State, 591 So.2d 614, 617 (Fla.1992) (a pro se prisoner’s motion is considered to be filed when it is handed over to prison personnel for mailing). In the instant case, the rule 3.850 motion was notarized on February 8, 1994, which was within the two year time limit set forth in rule 3.850(b). Accordingly, the motion was timely filed.
The state concedes that if the appellant’s motion was timely, the case must be remanded for consideration on the merits. Accordingly, we reverse and remand for an eviden-tiary hearing or attachment of portions of the record that conclusively disprove the appellant’s allegations.
REVERSED AND REMANDED.
DELL, C.J., and GLICKSTEIN and GUNTHER, JJ., concur.